# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JASON WILLIAM MILLER,** | : |
| **Plaintiff** | : |
| | : **CIVIL NO. 3:CV-13-1794** |
| **v.** | : |
| | : **(Judge Caputo)** |
| **SUPT. TODD BICKELL**, *et al.*, | : |
| **Defendants** | : |

# M E M O R A N D U M

## I.    Introduction

On June 28, 2013, Mr. Miller, an inmate at the Huntingdon State Correctional Institution (SCI-Huntingdon), in Huntingdon, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983, after he slipped and fell in the shower at the prison. (Doc. 1, Compl.)  Mr. Miller allegedly injured his back in the fall and was taken to J.C. Blair, an outside hospital, for treatment.  He alleges that prison officials and physicians at J.C. Blair were deliberately indifferent to his serious medical needs following the fall.  (*Id.*)  Presently before the Court is Mr. Miller's November 6, 2013 letter-request to dismiss several named defendants and add two new defendants. (Doc. 9).  The Court will construe Mr. Miller's letter-request as a motion to file an amended complaint.  For the reasons that follow Mr. Miller will be directed to file an Amended Complaint.

**II. Discussion**

The filing of an Amended Complaint is governed by Fed. R. Civ. P. 15(a):

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Based on the procedural history of this case, Mr. Miller may file an amended complaint as a matter of right. Mr. Miller is cautioned that his amended complaint must contain the same docket number as the instant action and should be labeled "Amended Complaint." In addition, the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F.Supp. 1185, 1198 (M.D. Pa. 1992). In particular, Mr. Miller is advised that the amended complaint will supercede the original complaint and must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. LR 15.1. Consequently, all causes of action alleged in the complaint which are not alleged in the amended complaint will be waived.

Mr. Miller's amended complaint must be concise and direct. *See* Fed. R. Civ. P. 8(d). Each allegation must be set forth in an individually numbered paragraphs in short, concise and simple statements. *Id.* The allegations should be specific as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009). He also shall specify the relief he seeks with regard to each claim and defendant. Failure to file a completely new amended complaint will result in the Court proceeding in this matter based on the original complaint. Finally, Mr. Miller is cautioned that the amended complaint, if handwritten, must be legible.

An appropriate Order follows.

                                                   /s/ A. Richard Caputo
                                                   **A. RICHARD CAPUTO**
                                                   **United States District Judge**

**Date: November  7 , 2013**