**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JASON WILLIAM MILLER,** : | |
| : | |
| Plaintiff : | |
| : | **CIVIL NO. 3:CV-13-1794** |
| v. : | |
| : | **(Judge Caputo)** |
| **SUPT. TODD BICKELL,** *et al.*, : | |
| : | |
| Defendants : | |

**M E M O R A N D U M**

**I.   Introduction**

On June 25, 2013, Jason Miller, an inmate currently housed at the Huntingdon State Correctional Institution (SCI-Huntingdon), in Huntingdon, Pennsylvania, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 after he slipped and fell in the shower.  He was taken to an outside hospital were he was treated and released.  (Doc. 1, Compl.)  Mr. Miller claims the medical staff misdiagnosed his injuries and failed to adequately treat his pain.  (*Id.*)  Presently before the Court is Mr. Miller's second motion for appointment of counsel based on his incarceration, limited knowledge of the law, limited access to the law library, and indigent status.  *See* Doc. 17.  For the reasons that follow, Mr. Miller's motion will be denied without prejudice.

**II.     Discussion**

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.  *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002).  Congress has granted district courts the discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  A district court as "broad discretion" to determine whether counsel should be appointed.  *Montgomery,* 294 F. 3d at 498.  The appointment of counsel is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting ... from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case."  *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).  The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." *Montgomery*, 294 F.3d at 499.  Next, if plaintiff's claims meet this threshold review, other non-exclusive factors to be examined are:

> 1.  the plaintiff's ability to present his or her own case;
> 2.  the difficulty of the particular legal issues;
> 3.  the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
> 4. the extent to which a case is likely to turn on credibility determinations;
> 5. whether the case will require testimony from expert witnesses;
> 6. the plaintiff's capacity to retain counsel on his or her own behalf;

*Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997)(citing *Tabron v. Grace*, 6 F.3d

147, 155-57 (3d Cir. 1993)).   After examining the above factors, the Court will deny Mr. Miller's present motion for counsel without prejudice.

This case is in its procedural infancy.  The Court has only recently directed service of the Complaint.  Defendants will either challenge the legal basis of the Complaint or file an answer to the Complaint.  Until then, the Court will not be able to fully assess the threshold question of the arguable factual and legal merit of Plaintiff's claims for the purpose of appointing him counsel.  Mr. Miller's Complaint, and other correspondence to the court, have been clearly worded and present logical concise arguments.  To the extent that Mr. Miller's request for counsel is based on the fact of his incarceration or his indigent status, these facts do not warrant the appointment of counsel given this Court's liberal construction of *pro se* pleadings.  *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). There is no evidence, at this point, that any prejudice will result in the absence of counsel.  Consequently, at this time Mr. Miller's request for counsel will be denied.

Accordingly, Mr. Miller has not demonstrated that he will suffer substantial prejudice if he is required to proceed with the prosecution of his case on his own at this point.  However, Plaintiff may file another motion for appointment of counsel if circumstances change.

An appropriate Order follows.

    /s/ A. Richard Caputo
    **A. RICHARD CAPUTO**
    **United States District Judge**

**Date: January  27   , 2014**